Filed: 12/17/2024 2:47 PM
Laura Goolsby
District Clerk
Houston County, Texas
Roxan Long

CAUSE NUMBER ___24-0212___

| | | |
|---|---|---|
| STEALTH VISION, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 349TH JUDICIAL DISTRICT |
| | § | |
| BEST OF THE WEST | § | |
| ARMS/HOLDINGS, LLC and STRYK | § | |
| GROUP USA, LLC, | § | |
| | § | HOUSTON COUNTY, TEXAS |
| *Defendants.* | | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Stealth Vision, LLC ("Stealth Vision") files this Plaintiff's Original Petition for infringement of intellectual property rights and related causes of action against Best of the West Arms, LLC ("BOTW Arms") and Stryk Group USA, LLC ("Stryk Group USA") (collectively, "Defendants") and in support alleges as follows:

## I.
## PARTIES

1. Plaintiff affirmatively pleads that it seeks monetary relief aggregating over $250,000 as well as other appropriate non-monetary remedies, including damages of any kind, penalties, costs, expenses, prejudgment interest and attorneys' fees, so that this case should therefore be conducted under Level 2 in accordance with Rule 190.3 of the Texas Rules of Civil Procedure.

2. Stealth Vision, LLC is a Texas limited liability company with its principal business place at 700 East Goliad Avenue, Crockett, Texas 75835.

3. Defendant Best of the West Arms, LLC is a Wyoming limited liability company with its principal place of business in Cody, Wyoming. It may be served through its registered

agent, Nicholas Crandall, at 1102 Beck Ave., Cody, WY 82414, or wherever else he may be found.

4.  Defendant Stryk Group USA, LLC is a Pennsylvania limited liability company with its principal business place in Bozeman, Montana. It may be served through its registered agent, Jeffrey Edwards, 801 W Main St., Unit 3A, Bozeman, MT 59715-2553, or wherever else he may be found.

## II.
## JURISDICTION AND VENUE

5.  The Court has personal jurisdiction over Defendant BOTW ARMS, including its owners, directors, officers, and agents, because BOTW ARMS intentionally infringed on Stealth Vision's STEALTH VISION trademarks, knowing that Stealth Vision is a Texas limited liability company with its headquarters in Crockett, Texas and that the harm caused by the intentional infringement would affect Stealth Vision in Texas.

6.  The Court has personal jurisdiction over Defendant Stryk Group USA, including its owners, directors, officers, and agents, because Stryk Group USA, through Jeff Edwards ("Edwards"), traveled to Crockett, Texas and met with John A. McCall, Jr., OD ("Dr. McCall"), the owner of Stealth Vision, for the purpose of inducing Stealth Vision to enter into a contractual relationship that ultimately resulted in a Memorandum of Understanding ("MOU") between the Parties. The terms of the MOU were discussed during Edwards's trip to Crockett, Texas, and Edwards made representations that turned out to be false or negligently made during that trip. Stryk Group USA otherwise entered into a contract with Stealth Vision in Texas that the MOU memorialized.

7.  The Court has subject matter jurisdiction as a court of general jurisdiction and the location of substantial facts alleged in this complaint.

## III.
## FACTS

A.  **Dr. McCall.**

8.  John A. McCall, Jr., OD ("Dr. McCall"), is a Texas, Louisiana, and Iowa licensed optometrist with more than forty years of practice. He has been caring for the vision and eye health of the citizens of Houston County and surrounding counties for more than thirty (30) years at the Crockett Eye Clinic, which he co-owns and manages. He also performs surgical procedures at his Surgical Center in Logansport, Louisiana, specializing in Glaucoma Laser Surgery.

9.  Having received the Texas Young Optometrist of the Year Award, Optometrist of the Year Award, and Distinguished Service Award, Dr. McCall is also a past president of the Texas and American Optometric Associations and the Student Texas Optometric Association. In 1998, the University of Houston College of Optometry honored Dr. McCall with the Alumnus of the Year Award, and in 1998, the Bill Pittman Leadership Award. In 2019, Governor Greg Abbott appointed Dr. McCall to the University of Houston System Board of Regents, where he will serve through August 2025.

10. Dr. McCall's list of achievements and accolades goes on and on, and his dedication to vision and eye care is well known throughout the optometry profession and beyond.

### B. Stealth Vision LLC

11. In November 2020, Dr. McCall formed Stealth Vision LLC as a Texas limited liability company to produce, market and sell rifle and scope systems and binoculars with its headquarters in Crockett, Houston County, Texas.

### C. The Scope.

12. Dr. McCall is also an avid and experienced big game hunter, having participated in more than thirty worldwide safaris. His hunting experience and extensive geometrical and physiological optics knowledge led him to study long-range shooting. He discovered that the then-currently marketed rifle scopes did not sufficiently address all the issues of making a precision long-range shot. A significant issue was the failure of rifle scopes to adequately address the problem of canting, or axial tilt, of the rifle being aimed at a target through a scope. Even a slight rotation of a rifle about the centerline of its barrel can severely affect the accuracy of longer shots. An additional problem was the reliance of modern rifle scopes on electronics that are subject to failure in the field. An additional problem was the inability to view a mechanical tilt indicator while focusing on a target.

13. As a solution to these problems, Dr. McCall co-invented an advanced rifle scope (the "Scope") that adds a control dimension to the precision and accuracy of a scoped target. The invention includes dual canting, or axial tilt, indicators built into the scope, both of which are seen within its optics, to show the user when the rifle is level on the Y axis of a two-dimensional Cartesian coordinate system.

14. On June 18, 2024, Dr. McCall and his co-inventor were awarded Patent No. US 12,013,211 B2 ("the '211 Patent") by the United States Patent & Trademark Office ("USPTO") for the Scope. Dr. McCall assigned the '211 Patent to Stealth Vision LLC.

### D. The STEALTH VISION® Mark.

15. In connection with inventing the Scope, Dr. McCall applied for and, on January 25, 2024, received U.S. Trademark Registration No. 6,629,856 ("the '856 Registration") from the USPTO for the STEALTH VISION® mark for use in connection with gun scopes and rifle scopes. A true and correct copy of the '856 Registration is attached as Exhibit 1. The STEALTH VISION® mark has been in continuous use in commerce in connection with the patented Scope since at least August 2021.

16. The STEALTH VISION® mark has further been in continuous use in commerce in connection with "Red Dot" rifle and pistol scopes since at least January 5, 2023.

17. Stealth Vision LLC began selling rifle and scope systems to customers under the STEALTH VISION™ mark on December 1, 2021. Stealth Vision LLC mounts and sites (adjusts) the scope on high-quality, long-range rifles and sells the combined system to its customers under the trademark STEALTH VISION™ and the mark has been in continuous use in commerce in connection with rifle and scope systems since that date.

18. Dr. McCall also determined that high-quality lightweight binoculars that provided the exceptional clarity and color crispness of larger and heavier binoculars would be a significant addition to Stealth Vision LLC's product line. In November 2021, he applied for and received U.S. Registration No. 6,930,213 ("the '213 Registration") from the USPTO for the mark STEALTH VISION® in connection with binoculars. A true and correct copy of the '213 Registration is attached as Exhibit 2. The '213 Registration has been in continuous use in commerce in connection with binoculars since at least September 2021.

19. Dr. McCall has assigned the '856 and '213 Registrations and their respective goodwill to Stealth Vision LLC.

E.  **The Wyoming Lawsuit.**

20.  In or about January 2016, Dr. McCall purchased a 33% ownership interest in each of Best of the West Productions, LLC ("BOTW Productions") and Huskemaw Optics, LLC ("Huskemaw").

21.  On or about February 8, 2018, Dr. McCall filed a lawsuit initially styled *John A. McCall Jr. v. Best of the West Productions, LLC, Huskemaw Optics, LLC and Jack Peterson*, Civil Action No. 29026, In the District Court of the Fifth Judicial District, State of Wyoming, County of Park (the "Wyoming Lawsuit").

22.  BOTW Holdings became the purported sole member of BOTW Productions and Huskemaw in July or August 2020. Dr. McCall's ownership interest in each of BOTW Productions and Huskemaw, beneficial or otherwise, became a 33% interest in BOTW Holdings.

23.  In or about February 2023, Dr. McCall amended the pleadings in the Wyoming Lawsuit to add BOTW Holdings.

24.  On June 20, 2023, the court entered an order restricting any assignment or sale of Dr. McCall's ownership interest, beneficial or otherwise, in BOTW Holdings (the "Restriction Order"). The Restriction Order still stands today.

25.  On October 24, 2023, after more than five and a half years of litigation, the Wyoming Lawsuit was tried to a jury that reached a verdict on October 24, 2023. The jury awarded Dr. McCall more than $3,500,000 in damages and interest against BOTW Productions and Huskemaw.

26. Prior to the entry of judgment on the jury's verdict, BOTW Holdings acknowledged that it assumed liability as to all judgments entered against BOTW Productions and Huskemaw.

27. On March 19, 2024, the district judge in the Wyoming Lawsuit entered an Amended Judgment that awarded Dr. McCall more than $2,700,000 against BOTW Productions, Huskemaw, and BOTW Holdings.[1]

**F.  The Michaletz.**

28. Prior to July 2020, Joseph and Christine Michaletz (the "Michaletz"), either individually or through Michaletz Holdings, LLC ("Michaletz Holdings"), became purported minority owners in BOTW Productions and Huskemaw.

29. In July or August 2020, BOTW Holdings, LLC ("BOTW Holdings") was formed purportedly to create a parent/subsidiary relationship with BOTW Productions and Huskemaw. All ownership interests (purportedly including Dr. McCall's ownership interest[2]) in BOTW Productions and Huskemaw were then transferred to BOTW Holdings.

30. In or about September 2020, BOTW Arms, LLC ("BOTW Arms") and Best of the West Ammo, LLC ("BOTW Ammo") were formed, each wholly owned by BOTW Holdings.

31. By approximately November 2021, the Michaletz, through two revocable living trusts (the "Trusts"), became the purported majority owners of the membership interests in BOTW Holdings. At some time between November 2021 and March 2024, the Trusts acquired the remaining membership interest in BOTW Holdings, each trust thereafter owning 50% of the membership interests.

---

[1] Dr. McCall is appealing the Amended Judgment on multiple issues, including the court's reduction of the damages awarded by the jury and the inclusion of an instruction precluding the jury from awarding damages for each of Dr. McCall's causes of action on which the jury found liability.
[2] Dr. McCall's 33% interest in BOTW Holdings is subject to the Restriction Order.

32. The Michaletz controlled BOTW Arms through at least approximately March 2024 through their Trusts' majority ownership in BOTW Holdings.

G. Stryk Group USA.

33. In January 2023, while exhibiting the STEALTH VISION® products at the 2023 Sheep Show in Reno, Nevada, Dr. McCall was introduced to Jeff Edwards ("Edwards"), the Managing Partner of Stryk Group USA. Claiming to be impressed with the quality of Stealth Vision LLC's trademarked products, Edwards proposed that Stryk Group USA represent Stealth Vision LLC as a distributor of the STEALTH VISION® products. Edwards proclaimed that Stryk Group USA's representation would result in widespread commercial success for the STEALTH VISION® products and confidently predicted at least $6,000,000 in sales by the end of 2023.

34. In the following weeks, Dr. McCall and Edwards discussed and negotiated the terms of an agreement between Stealth Vision LLC and Stryk Group USA. On or about April 7, 2023, they agreed to the terms reflected in a written Memorandum of Understanding ("MOU"). A copy of the MOU is attached as Exhibit 3, which was typed, signed, and sent by Dr. McCall to Edwards.

35. The MOU required Stryk Group USA to create and manage a retail sales program to promote STEALTH VISION® products. In exchange, Stealth Vision LLC was required to pay Stryk Group USA $20,000.00 per month.

36. On April 27, 2023, Edwards traveled to Crockett, Texas to meet with Dr. McCall and to familiarize himself with the Stealth Vision LLC Products and initiate representation of Stealth Vision LLC Products under the MOU.

37. While in Crockett, Texas, Edwards reiterated his sales projections of the STEALTH VISION® product line through Stryk Group USA.

38. While in Crockett, Texas, Edwards advised Dr. McCall that he also needed initial inventory of the STEALTH VISION® Scopes, STEALTH VISION® binoculars, and at least one STEALTH VISION™ Rifle Package (comprising a Seekins Precision Havak Element rifle with a STEALTH VISION® scope mounted and tuned and tested in Crockett, Texas, for long range accuracy. Edwards represented that the products were alleged to be needed as inventory for Stryk Group USA to demonstrate the capability of the products on Social Media, and to have product to display and sell representation of Stealth Vision LLC products.

39. On April 30th, while in Crockett, Texas, Edwards took delivery of 3 STEALTH VISION® Scopes, 3 pair of STEALTH VISION® binoculars and ammunition for the rifle package. Edwards was given 2 STEALTH VISION® Red Dot A.R. sites and 2 STEALTH VISION® Red Dot pistol sites. The value of the goods Edwards took as inventory from Stealth Vision, LLC in Crockett, Texas is over $12,750.00.

40. On May 15, 2023, Stealth Vision LLC shipped the requested STEALTH VISION rifle package by UPS[3] to Edwards at Stryk Group USA in Montana. The value of the rifle package assembled and tested and shipped from Crocket, Texas to Edwards, is $9,250.00

41. Stryk Group USA never paid for the inventory it took from Stealth Vision LLC in Crockett Texas, or for the rifle package it order and received.

42. No one from Stryk Group USA signed the MOU, and Edwards has since alleged that Stryk Group USA never agreed to its terms. Yet Edwards negotiated the terms of the MOU with Dr. McCall, and Stryk Group USA subsequently accepted four payments of $20,000 from

---

[3] UPS Tracking No. 1Z4402973994440529

Stealth Vision LLC in accordance with the terms of the MOU, and took delivery, and has not yet paid for several.

43. Additionally, throughout the relatively short span of the MOU, Stryk Group USA, through Edwards, continued representing to Dr. McCall in Texas that it was performing under the terms of the MOU to induce Stealth Vision LLC to continue making the $20,000 payments.

44. From April to July 2023, Stryk Group USA accepted $80,000.00 in payments from Stealth Vision's Texas bank account.

45. From April through July 2023, Edwards communicated with Dr. McCall in Texas, making further representations regarding Stryk Group USA's ability to represent and sell the STEALTH VISION trademarked products, all with the intent to induce Stealth Vision to continue making the $20,000 payments.

46. Despite accepting $80,000 in benefits from the MOU, Stryk Group USA failed to facilitate a single sale of STEALTH VISION trademarked products.

47. On information and belief, Stryk Group USA never produced any social media or other marketing materials using the Scope, Binoculars, Rifle, or STEALTH VISION mark.

48. In August 2023, Stealth Vision terminated the MOU and its relationship with Stryk Group USA. That termination also ended Stryk Group USA's right to use the STEALTH VISION mark.

49. Stealth Vision requested the return of the Scopes, Binoculars, and Rifle. In a communication to Dr. McCall in Texas, Edwards lied and said that the Rifle was "in the mail." He subsequently admitted his lie when he claimed that he gifted the Rifle to a guide as a tip after a big game hunt in Canada. Such a transfer would have been illegal without strict compliance with US and Canadian gun laws. While Edwards did not reveal whether he had

complied with such laws, how he claimed to have "tipped" the Rifle to the hunting guide strongly suggests that he did not do so. Stealth Vision is skeptical that the Rifle was given to the guide.

50. Edwards communicated with Dr. McCall in Texas for several months, promising that the Scopes, Binoculars, and Rifle would be returned. However, these were yet further false promises. At one time, Stealth Vision offered to sell the Scopes, Binoculars, and Rifle to Stryk Group USA. Stryk Group USA failed to accept the offer.

H. Stryk Group USA's Parent's Purchase and Control of BOTW Holdings.

51. Sometime between April and July 2023, Edwards met the Michaletz. On information and belief, this occurred during the same big game hunt in Canada in which Edwards purportedly "tipped" the hunting guide. From this introduction, a relationship formed between Edwards and the Michaletz.

52. In or about March 2024, Stryk Group USA Holdings, LLC ("Stryk Group USA Holdings"), believed to be majority-owned and controlled by Edwards, acquired the Trusts' 100% BOTW Holdings for $1.00.

I. The BOTW Bankruptcies.

53. In or about December 2023, Stryk Group USA acquired BOTWH, the sole member of BOTW ARMS. Three months later, in or about March 2024, the BOWTH Lawsuit went to trial on the merits before a jury in Wyoming. The jury found substantially in Dr. McCall's favor, and he was awarded a judgment against BOTWH for more than $2.7 million.

54. On April 22, 2024, BOTW Productions, Huskemaw, and BOTW Holdings filed for bankruptcy.

55. Shortly after the substantial judgment was awarded in favor of Dr. McCall and against BOTWH and it filed for bankruptcy, BOTW ARMS, the wholly owned subsidiary of

BOTWH, began using the marks STEALTH and STEALTH RIFLE SYSTEM in connection with, among others, its offering of the "STEALTH Hunt Ready Rifle System," in which a strikingly similar rifle scope to the STEALTH VISION scope is prominently featured. Below are screenshots from BOTW ARMS's website taken on July 24, 2024, showing its use of the STEALTH mark.

56. BOTW ARMS, though Stryk Group USA owns its parent company, had actual knowledge of Stealth Vision's use and ownership of the STEALTH VISION mark in connection with gun scopes and rifle scopes, including the Scope and Binoculars Registrations since at least December 2023.

57. The prominent use of the STEALTH and STEALTH RIFLE SYSTEM marks by BOTW ARMS was clearly intended to trade on the goodwill associated with the STEALTH VISION mark. BOTW ARMS's unlawful use creates the false impression that BOTW ARMS's goods originate from Stealth Vision or that BOTW ARMS is connected or associated with Stealth Vision's goods, to deceive customers and to cause confusion or mistake as to the origin or affiliation of BOTW ARMS's goods and Stealth Vision's goods.

58. With knowledge of Dr. McCall's ownership of Stealth Vision, the value of the STEALTH VISION mark, and the extreme animosity held by BOTW ARMS, its agents, owners, and affiliates against Dr. McCall as a result of his having prevailed in the BOTWH Lawsuit, it is immediately evident that BOTW ARMS's infringement is intentional and for the purpose of harming Dr. McCall and his company, Stealth Vision.

59. BOTW ARMS has infringed the trademark of Stealth Vision. Additionally, Stryk Group USA has a) converted the property of Stealth Vision, b) breached the MOU, c) fraudulently induced Stealth Vision into the MOU, and/or d) negligently misrepresented its

intent to fulfill its obligations under the MOU while receiving substantial payments from Stealth Vision. As a result of these ongoing activities, Stealth Vision is forced to protect its rights under the MOU and in the STEALTH VISION mark by filing this lawsuit.

## COUNT ONE
### (Texas Theft Liability Act - Theft of Property as to BOTW ARMS)

60. Stealth Vision incorporates by reference the allegations of the previous paragraphs of this Complaint.

61. The STEALTH and STEALTH RIFLE SYSTEM marks used by BOTW ARMS are a reproduction or colorable imitation of Stealth Vision's registered STEALTH VISION mark and are confusingly similar to Stealth Vision's registered STEALTH VISION mark.

62. BOTW ARMS is, without permission from Stealth Vision, unlawfully appropriating the STEALTH and STEALTH RIFLE SYSTEM marks in commerce in connection with the sale, offering for sale, distribution, and advertising of BOTW ARMS's rifle system and related products, in violation Texas Penal Code Section 31.03.

63. BOTW ARMS's use of the STEALTH and STEALTH RIFLE SYSTEM marks in connection with a rifle system and related products is likely to cause confusion, mistakes, or deception of the public as to an affiliation between BOTW ARMS and Stealth Vision or a sponsorship or endorsement by Stealth Vision of BOTW ARMS's rifle system and related products.

64. BOTW ARMS's actions, including the complained of actions by its affiliate Stryk Group USA, demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Stealth Vision's registered STEALTH VISION mark and a willful violation of Stealth Vision's rights in the registered STEALTH VISION mark.

65. BOTW ARMS's use of the confusingly similar STEALTH and STEALTH RIFLE SYSTEM marks in connection with the rifle system and related products has and will cause damage to the public and to Stealth Vision, including irreparable damage to Stealth Vision's reputation and the goodwill associated with Stealth Vision's registered STEALTH VISION marks, for which Stealth Vision has no adequate remedy at law.

66. Based on BOTW ARMS's willfully infringing conduct, Stealth Vision is entitled to injunctive relief and to recover BOTW ARMS's profits, Stealth Vision's actual damages, exemplary damages, corrective advertising damages, and enhanced profits and damages, and Stealth Vision's costs and reasonable attorneys' fees pursuant to Texas Practice & Civil Remedies Code Section 134.005(b). Stealth Vision is also entitled to require that all marketing materials, packaging, and products BOTW ARMS has marked with the STEALTH mark be destroyed.

## COUNT TWO
(Conversion as to Stryk Group USA)

67. Stealth Vision incorporates by reference the allegations of the previous paragraphs of this Complaint.

68. Stealth Vision is the lawful owner of the rifle and STEALTH VISION products loaned to Stryk Group USA in connection with the parties' performance under the MOU. Upon termination of the MOU and the business relationship with Stryk Group USA, Stealth Vision was entitled to immediate return of the rifle and its products.

69. Despite Stealth Vision's demands, Stryk Group USA has intentionally refused to return the rifle and products, and, if it is to be believed, it has improperly disposed of such property without Stealth Vision's permission.

70. Stryk Group USA's actions caused Stealth Vision's loss of the property.

71. Based on Stryk Group USA's intentional conversion of Stealth Vision's property, Stealth Vision is entitled to recover its actual damages.

## COUNT THREE
### (Breach of Contract as to Stryk Group USA)

72. Stealth Vision incorporates by reference the allegations of the previous paragraphs of this Complaint.

73. The MOU is a valid contract entered into by Stealth Vision and Stryk Group USA in Crockett, Houston County, Texas.

74. Stealth Vision performed its obligations under the MOU by paying Stryk Group USA $20,000 per month for four months and by providing Stryk Group USA with a high-value rifle and Stealth Vision products to use in connection with Stryk Group USA's sales efforts.

75. Stryk Group USA made no effort, or in the alternative, a material insignificant effort, to fulfill the terms of the MOU and represent or promote Stealth Vision's STEALTH VISION products. Such inaction constitutes a breach of the MOU.

76. Based on Stryk Group USA's willful and intentional breach of the MOU, Stealth Vision is entitled to recover its actual damages, costs, and reasonable attorneys' fees pursuant to Texas Practice & Civil Remedies Code Section 134.005(b) as well as exemplary damages.

## COUNT FOUR
### (Fraudulent Inducement as to Stryk Group USA)

77. Stealth Vision incorporates by reference the allegations of the previous paragraphs of this Complaint.

78. Stryk Group USA represented to Stealth Vision that it would create and manage a retail sales program for its products, marketing, and selling those products for Stealth Group. Stryk Group USA intended for Stealth Vision to rely upon, and Stealth Vision did rely upon this

representation in making the decision to agree to pay Stryk Group USA $20,000 a month for these services.

79. Stryk Group USA knew when it made these representations that it did not intend to follow through on them. This is evidenced by the fact that over four months and being paid $80,000, Stryk Group USA did not consummate a single sale of any of Stealth Vision's products. It is further evidenced by the fact that Stryk Group USA gave away the rifle provided to it by Stealth Vision and refused to return Stealth Vision's products.

80. Stealth Vision's reliance on Stryk Group USA's misrepresentation damaged it by the $80,000 paid to Stryk Group USA, together with the value of the rifle and products it delivered to Stryk Group USA of at least an additional $20,000.

81. Based on Stryk Group USA's willful and intentional breach of the MOU, Stealth Vision is entitled to recover its actual damages, costs, and reasonable attorneys' fees pursuant to Texas Practice & Civil Remedies Code Section 134.005(b). In addition, Stealth Vision also requests that exemplary damages be awarded against Stryk Group USA due to its fraudulent acts.

## COUNT FIVE
### (Negligent Misrepresentation as to Stryk Group USA)

82. Stealth Vision incorporates by reference the allegations of the previous paragraphs of this Complaint.

83. In the alternative to Count Four, Stryk Group USA's false representations to Stealth Vision, as stated in Count Four above, were made negligently or recklessly without concern for their truth.

84. Stryk Group USA intended for Stealth Vision to rely upon those false representations, and Stealth Vision actually and properly relied on them.

85. As a result of Stryk Group USA's actions, Stealth Group has been damaged by the $80,000 paid to Stryk Group USA, together with the value of the rifle and products it delivered to Stryk Group USA of at least an additional $20,000.

Rule 193.7 Notice

90. Pursuant to the Texas Rules of Civil Procedure 193.7, Plaintiff gives notice to Defendants that any and all documents and things produced by Plaintiff may be used at any pretrial proceeding and/or the trial of this case without the necessity of authenticating said documents and things.

WHEREFORE, premises considered, Stealth Vision requests that the Court enter judgment for it and against Defendants BOTW ARMS and Stryk Group USA, including:

(a) On all claims asserted in this Original Complaint;

(b) Adjudging that has infringed, willfully or otherwise, on Stealth Vision's rights in the STEALTH VISION;

(c) Awarding Stealth Vision its actual damages, corrective advertising damages, BOTW ARMS's profits, and all other damages available to Stealth Vision, as well as its costs and reasonable attorneys' fees;

(d) Requiring that BOTW ARMS destroy all marketing materials, packaging, and products marked with the STEALTH or STEALTH RIFLE SYSTEM marks;

(e) Entering of a preliminary and permanent injunction against BOTW ARMS and its officers, agents, servants, and employees, and all entities and individuals acting in concert with them, prohibiting the use of the STEALTH VISION marks and any other marks, tradenames, logos, designs or source designations of any kind in connection with rifle systems and related products that are likely to cause confusion as to an affiliation or connection with Stealth Vision

or that BOTW ARMS's rifle systems and related products are endorsed sponsored or approved by Stealth Vision;

(f) Adjudging that Stryk Group USA breached the MOU;

(g) Adjudging that Stryk Group USA fraudulently induced Stealth Vision into entering the MOU;

(h) Adjudging that Stryk Group USA negligently made misrepresentations to Stealth Vision;

(i) Adjudging that Stryk Group USA converted Stealth Vision's property;

(j) Awarding actual damages against Stryk Group USA in the amount of at least $250,000;

(k) Awarding exemplary damages against Stryk Group USA;

(l) Awarding attorneys' fee against Stryk Group USA pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code;

(m) Awarding pre- and post-judgement interest as permitted by law against each of BOTW ARMS and Stryk Group USA;

(n) Awarding such other and further relief, at law or in equity, to which Stealth Vision may be justly entitled.

*Tyler Harrison*
V. Tyler Harrison
**VTH Law Group, PLLC**
2911 Turtle Creek Blvd, Suite 300
Dallas, Texas 75219
Phone: (214) 836-3533
tyler@vthlaw.com

/s/ Joe E. Griffith, Jr.
Joe E. Griffith, Jr.
**Griffith & Griffith, P.C.**
514 East Houston Avenue
Crockett, Texas 75835
Tel:   936-544-2065
Fax:   936-544-5649
Email: jodyg@griffithandgriffithpc.com

## JURY DEMAND

Stealth Vision hereby demands a trial by jury on all claims and issues so triable.

December ____, 2024.

/s/ V. Tyler Harrison
V. Tyler Harrison
Attorney for Stealth Vision, LLC