IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| **STEALTH VISION, LLC,** § § *Plaintiff,* § § **v.** § § **BEST OF THE WEST** § **ARMS/HOLDINGS, LLC and** § **STRYK GROUP USA, LLC,** § § *Defendants.* § | **CIVIL ACTION NO. 9:25-cv-00006** (Hon. Michael Truncale) |

### MOTION TO VACATE EVIDENTIARY HEARING

Plaintiff Stealth Vision, LLC ("Stealth") moves the court to vacate the March 7, 2025 evidentiary hearing regarding the dissolution of the Plaintiff's temporary restraining order ("TRO") against the Defendants and to let the TRO expire on March 10, 2025 under this court's prior order.

As noted in Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dissolve the TRO, developments have occurred in related actions that likely will render the necessity of the TRO in this court moot and/or vitiated. Today in the related bankruptcy cases in the United States Bankruptcy Court for the District of Wyoming (Case Numbers 24-20138, 24-20141, and 24-20142), Creditor John A. McCall, Jr., the founder and owner of Stealth ("McCall"), filed a motion to convert the Chapter 11 bankruptcies into Chapter 7 bankruptcies. In that motion, McCall also told the court that it would make sense for the bankruptcy court to adopt the TRO in this matter so that it could be applied across

all of the adversarial entities. This makes sense considering the Debtors in the bankruptcy proceedings just filed a motion to consolidate their cases and at a hearing in the bankruptcy court on Tuesday, February 18, 2025, counsel for the Debtors told the court that all of the Debtors were in fact alter-egos of each other and that those alter-egos included the Defendants in this case. Such a proposed consolidation could be a basis to dissolve the TRO against the Defendants, as this court noted during our last telephonic status conference.

In the bankruptcy proceedings, McCall will be swiftly moving the court to adopt the current TRO from this court, extend it to all of the alter-egos, and move for more permanent injunctive relief. As such, moving the issue of this TRO to the purview of the bankruptcy court makes sense for all Parties and for the sake of judicial economy.

It is respectfully requested that the court vacate the evidentiary hearing in this matter set for March 7, 2025 and leave the TRO intact until it's previously ordered expiration on March 10, 2025 pending further actions in the bankruptcy court.

>                         */s/ V. Tyler Harrison*
> _____
> V. Tyler Harrison
> **VTH Law Group, PLLC**
> 2911 Turtle Creek Blvd
> Suite 300
> Dallas, Texas 75219
> Phone: (214) 836-3533
> tyler@vthlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2025, a copy of the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Eastern District of Texas using the CM/EMF system, and that service on all lead counsel of record will be accomplished via email as previously discussed and agreed upon between said counsel.

>             */s/V. Tyler Harrison*
>               V. Tyler Harrison

### CERTIFICATE OF CONFERENCE

I hereby certify that as of this 24th day of February, 2025, lead opposing counsel have personally conferred in good faith discussions via telephone and email, over the course of several days, and as yet have been unable to agree upon a stipulated resolution as to this issue as a matter or law and/or consent. Both Parties remain in good and respectful communication, but at this point the Parties are at an impasse necessitating resolution from the court.

>             */s/V. Tyler Harrison*
>               V. Tyler Harrison