IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| **STEALTH VISION, LLC**<br><br>*Plaintiff,*<br><br>VS.<br><br>**BEST OF THE WEST ARMS/HOLDINGS, LLC AND STRYK GROUP USA, LLC**<br><br>*Defendants.* | **CIVIL ACTION NO. 9:25-cv-00006** |

**DEFENDANTS' MOTION TO HOLD DONNA GORDAN KASPAR IN CONTEMPT FOR FAILING TO RESPOND TO A RULE 45 SUBPOENA, TO COMPEL A RESPONSE AND MEMORANDUM IN SUPPORT THEREOF**

**COMES NOW** through undersigned counsel, Defendant Stryk Group USA, LLC ("Stryk Group USA") (collectively, with co-defendant Best of the West Arms, LLC[1] ("BOTW Arms") hereinafter the "Defendants"), who files this Motion for Contempt Pursuant to FRCP 45 and Motion to Compel Donna Gordon Kaspar to produce documents in response to Stryk Group USA's Subpoena. In support thereof, Defendants respectfully show to the Court as follows:

### I.   BACKGROUND

On December 17, 2024, Plaintiff Stealth Vision, LLC ("Stealth Vision" or "Plaintiff") filed suit in the 349th District Court of Houston County, Texas styled "*Stealth Vision, LLC v. Best of the West Arms/Holdings, LLC and Stryk Group USA, LLC*, Cause No. 24-0212," ("State Court Action") asserting claims for infringement of intellectual property rights against BOTW and

---

[1] Plaintiff incorrectly identified Defendant as "Best of the West Arms/Holdings, LLC" in its Petition; Defendant's correct name is "Best of the West Arms, LLC."

1

multiple claims against Stryk Goup USA related to the marketing agreement entered into between Stryk Group USA and Stealth Vision.[2] Defendants were served through the registered agent for BOTW of the State Court Action Complaint on December 20, 2024, and Defendants filed the Notice of Removal within the thirty-day period for removal under 28 U.S.C. § 1446(b) on January 10, 2025.[3]

One of the central claims brought by Stealth Vision against defendant Stryk Group USA is a tort claim for the conversion of various items provided by Stealth Vision to Stryk Group USA to use as marketing materials. Included in these samples provided by Stealth Vision to Stryk Group USA was a rifle valued at approximately $9500. In this suit, Stealth Vision is specifically seeking damages for the allegedly converted rifle and other items provided by Stealth Vision to Stryk for marketing purposes.

The instant lawsuit is one of the multiple lawsuits brought by John McCall, the principal in Stealth Vision, against various entities and individuals associated with BOTW, LLC, an affiliate of defendant BOTW Arms. BOTW Holdings, LLC has filed a petition for bankruptcy in Wyoming. McCall has filed various adversary proceedings in the bankruptcy. McCall has sued the individuals who's entities or trusts are members of BOTW Holdings, LLC in Houston County, Texas (which was removed to this Court) in an misguided effort to enforce a Wyoming state court judgment, including Chase Myers and Jeff Edwards (the members of Stryk Group USA) and Myers and Edwards's wives personally.

Additionally, in an effort to create leverage in the bankruptcy proceeding and to harass and embarrass Edwards and Myers, McCall filed specious criminal complaints in Houston County,

---

[2] R. Doc. 2, Original Petition Filed in State Court (hereinafter referred to as "Complaint").

[3] R. Doc. 1, Defendants' Notice of Removal.

Texas, and actively campaigned for their indictment to friendly local law enforcement. Ultimately, Edwards and Myers (members of Stryk Group USA) were both indicted in Houston County, Texas. The Myers arrest warrant and indictment was based on McCall's false statements to law enforcement regarding Myers involvement.[4] The indictments allege that Edwards and Myers were principals in the theft of the same rifle that is the subject of Stealth Vision's conversion claim in the instant proceeding. McCall has subsequently introduced into evidence in the bankruptcy

---

[4] See **Exhibit B**, text messages between John McCall and Houston County Sherriff Randy Hargrove (retired) dated November 13, 2024 to November 19, 2024 which were obtained from Hargrove via a subpoena in this matter.

The indictment of Jeff Edwards did not have the desired effect McCall intended in the bankruptcy proceeding because Myers, and not Edwards, is the responsible party on the Federal Firearms License ("FFL") issued to Stryk Armament, LLC. Stryk Armament was the FFL holder that Stealth Vision shipped the allegedly converted rifle to so that Stryk Group USA could use the rifle for marketing purposes.

Following Edwards arrest, on November 13, 2024, McCall sent a copy of the Stryk Armament FFL to Hargrove showing Myers as the responsible party, not Edwards. Hargrove then asked McCall if Myers was in camp with Edwards in Canada when with Edwards when Edwards left the rifle with the hunting guide. McCall misled Hargrove and stated in his text "Yes and rid [sic] was premeditated as the obviously planned tie and entered camp together on July 25, 2023[.] That is the date the rifle should have crossed the border, if done legally." **Myers has never traveled to Canada and was not with Edwards on the hunting trip.** McCall's false statement to Hargrove formed the basis of Hargrove "Supplemental Report" and, ultimately, the Myers arrest warrant and indictment. Hargrove's Supplemental Police Report that formed the basis of the arrest warrant:

**Supplemental Report - Event # 24016660**

Agency: HCSO   |   Written by HARGROVE, RANDY (5101) on 12/18/2024

On or about 11/18/2024, Dr. John A. McCall a 71-year-old white male, dob- 8/8/1953 contacted me stating that he needed to file theft charges on Charles (Chase) A. Myers. McCall said that the firearm in question, that was loaned to Edwards, was actually done so using the defendant's, Charles (Chase) A. Myers Federal Firearms Licenses number 9-81-031-07-6D-03644, company name, Stryk Armament LLC. Edwards and Myers were both in Crockett, Texas when this loan was made and Myers knew that this was only a loan. The rifle in question, a PRC 6.5 EL and the serial number is (ES31156) is on an inventory list of the other property for inspection. This officer believes that Edwards and the defendant Myers, based on his failure to return the gun and property as stated many times, intended to keep the gun and property when he agreed to borrow it from McCall and Stealth Vision, never intending to return said property. This officer recently learned that according to McCall, that Edwards gave the firearm in question to an outfitter in Canada and that Myers was present at that time and had knowledge that this was only a loan (see documents provided by McCall that contains Myers FL#). A warrant of arrest was obtained for theft of property from an elderly individual against Charles (Chase) A. Myers of 241 FALCONERS WAY, BOZEMAN, MT 59718-7435 for a Felony of the 2nd degree and has been entered into the NCIC and TCIC data system.

Randy Hargrove

3

#103853681v1

matter the Myers's indictment in Houston County, Texas criminal court. McCall has suggested that Myers's indictment should be the primary reason that the pending bankruptcy be converted from a Chapter 11 bankruptcy to a Chapter 7 liquidation, as the indictment may affect Myers's federal firearm license.

Stealth Vision's and McCall's communications with third-parties regarding the rifle that is the subject of the Stealth Vision's conversion claim, as well as his discussions with third-parties generally regarding his claims against Stryk Group USA and BOTW Arms in this lawsuit, are clearly within the scope of discovery contemplated by Rule 26 of the Federal Rules of Civil Procedure. Moreover, the criminal charges brought against Edwards and Myers contradict the allegations in this matter. For example, Myers indictment is indicted states he "unlawfully appropriated…a rifle, several scopes and miscellaneous hunting equipment, of the value of $30,000 or more but less than $150,000, from Dr. John A. McCall, the owner thereof, who was an elderly individual…" However, in the Petition in this matter, Stealth Vision alleges it was the owner of the allegedly converted property, not McCall, personally. Moreover, if Stealth Vision is the owner, it begs the question why Myers was indicted for theft from the elderly, as Stealth Vision is a limited liability company not an elderly individual. All of these issues are ripe for discovery and go directly to the claims brought by Stealth Vision against the Defendants in this matter.

In furtherance of discovery, Stryk Group USA issued a Subpoena to Donna Gordan Kaspar, directing her to produce documents on or before April 16, 2025 at 10:00 a.m. A copy of the subpoena, with duly executed return of service is attached hereto as **Exhibit A** and incorporated herein by reference.

On March 26, 2025, the Subpoena was personally served to Donna Gordan Kaspar, the now retired prosecutor that McCall enlisted to bring the indictment against Edwards and Myers.

*See* **Exhibit A**, proof of service. The deadline for producing the requested documents designated in the subpoena was April 16, 2025. Despite being duly served with a copy of the subpoena, Kaspar has wholly failed to object, respond, seek protection or otherwise comply with the subpoena.

Stryk Group USA subpoenaed Kasper because Defendants are aware that Kasper and McCall were communicating directly with each other regarding the rifle, indictment of Edwards and Myers, as well as the claims in this lawsuit. For example, McCall was actively seeking the assignment of the Edwards and Myers criminal matter to a certain state court judge because of who McCall wanted to hear this matter in state court prior to its removal. McCall sent a text message to Kasper and her employee, Tracy Whitehead, following the indictment and asked "Can we get this to Pam Fletcher? She's the judge we need to get into her court if possible[.]" Kasper responded with "All we can do is suggest but I don't even know what their system is." McCall responded to Kasper and discussed the instant lawsuit, stating "I appreciate your help, we are filing TRO and civil action Monday and Jody said that would be Pam Fletcher court. Probably because Calhoun in [sic] out until January".[5] Kasper clearly has discoverable information in her possession but chose to ignore the subpoena.

## II.     ARGUMENT AND AUTHORITIES

A subpoena is a court order that requires a person to whom it is directed to give testimony or produce evidence. *See* CHARLES R. RICHEY, MOORE'S FEDERAL PRACTICE § 45. 02. Any person who is not a party may be served with a subpoena under Fed. R. Civ. P. 45. The term "person" includes natural persons, business associations, and governments. *Id*.

---

[5] See **Exhibit C**, text messages between McCall, Whitehead, and Kasper dated December 13, 2024.

The Court may compel responses to discovery where, as here, a non-party fails to comply with a validly issued and served subpoena. *See American Fed. of Musicians of the United States and Canada v. Skodam Films, LLC*, 313 F.R.D. 39 (N.D. Tex. 2015). Moreover, Fed. R. Civ. P. 45(g) authorizes this Court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See* CHARLES R. RICHEY, MOORE'S FEDERAL PRACTICE § 45. 02. ("Because the subpoena is an order of the court … contempt sanctions are available merely for the initial disobedience of the subpoena, and a prior court order compelling compliance with the subpoena is not invariably required.") CHARLES R. RICHEY, MOORE'S FEDERAL PRACTICE § 45.62 (3d ed. 2007); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) ("A subpoena [under Rule 45] is itself a court order, and non-compliance may warrant contempt sanctions"); *United States v. Bryan*, 339 U.S. 323, 70 S. Ct. 724, 94 L. Ed. 884 (1950) ("A subpoena is a lawfully issued mandate of the court issued by the clerk thereof. It is the responsibility of every citizen to respond to this mandate."); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975) ("Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued."); *Waste Conversion, Inc. v. Rollins Envtl. Srvcs. (NJ), Inc.*, 893 F.2d 605, 608 (3d Cir. 1990) (en banc) (assuming "for purposes of this appeal" that a failure to comply with a Rule 45 subpoena could subject a person to contempt).

Defendants therefore requests that this Honorable Court adjudicate Donna Gordan Kaspar to be in contempt of this Honorable Court for failing to comply with Defendants' subpoena duces tecum. Under Fed. R. Civ. P. 45(a), this Court has jurisdiction to hear this Motion for Contempt for failure to comply with a subpoena. By failing to timely object or see protection from the court,

Donna Gordan Kaspar has waived all objections. *Metro PCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex 2018).

### III.   CONCLUSION

**WHEREFORE**, for the forgoing reasons, Stryk Group USA respectfully requests that this Court enter an order:

(1) Adjudicating Donna Gordan Kaspar to be in contempt for failure to comply with the subpoena duces tecum;

(2) Directing Donna Gordan Kaspar to comply with the subpoena duces tecum by producing the documents in question within fourteen (14) days of the date of the order; and

(3) Issuing all such other and further relief as justice requires or permits.

DATED: March 30, 2025

                                                  Respectfully Submitted,

*/s/ C. Parker Kilgore*
**JONES WALKER LLP**
C. Parker Kilgore (La. Bar No. 31219)
Michael K. Leachman (La. Bar No. 30158)
Justin J. Marocco (TX Bar No. 24128342)
Rachel F. Moody (La. Bar No. 39286)
*(Application forthcoming)*
Jones Walker LLP
445 North Blvd., Suite 800
Baton Rouge, LA 70802

AND

Ewaen Woghiren (TX Bar No. 24098628)
811 Main Street, Suite 2900
Houston, Texas 77002
Tel:    713.437.1800
Fax:   713.437.1810
ewoghiren@joneswalker.com

*Counsel for Defendants, Best of the West Arms, LLC and Stryk Group USA, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all parties and/or counsel of record via ECF/CM, a method authorized by the Federal Rules of Civil Procedure on March 30, 2025. Additionally, this documents was sent via certified mail return receipt requested to the following:

**Donna Gordan Kaspar**
891 Private Road 6050
Crockett, Texas 75835

*/s/ C. Parker Kilgore*
C. Parker Kilgore

## CERTIFICATE OF CONFERENCE

The party to which this motion is directed, Donna Gordan Kasper, is a third-party non-litigant. As evidenced by the cover letter attached to Exhibit A, undersigned counsel indicated that he was available to address any questions Kasper had regarding the Subpoena. Kasper has not contacted undersigned counsel and undersigned counsel has no contact information for Kasper, as the subpoena was personally served on her at the address indicated in the subpoena return. Accordingly, undersigned counsel has no mechanism to confer with Kasper regarding the instant motion.

*/s/ C Parker Kilgore*
C. Parker Kilgore

#103853681v1